WILLIAM H. GAIL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gail v. Commissioner
Docket Nos. 508-77 and 345-78.
United States Tax Court
T.C. Memo 1979-179; 1979 Tax Ct. Memo LEXIS 342; 38 T.C.M. (CCH) 753; T.C.M. (RIA) 79179; May 9, 1979, Filed *342 William H. Gail, prose. Joseph C. Hollywood, for the respondent. HALL MEMORANDUM OPINION HALL, Judge: On November 6, 1978, respondent filed a motion for summary judgment in this case. On December 6, 1978, petitioner filed a response to respondent's motion for summary judgment. Oral argument on this motion was heard on March 13, 1979, in Detroit, Michigan, at which time no appearance was made by or on behalf of petitioner. Respondent determined deficiencies in petitioner's income tax, plus additions to the tax, as follows: Additions to Tax Year
Deficiency
Sec.6651(a)(1) [1]
Sec. 6653(a)
Sec. 6654
1974
$1,352.83
$338.21
$67.64
$43.29
1975
1,784.00
446.00
89.20
77'04
Respondent's determinations for both years were based on respondent's recomputation of petitioner's income. Petitioner filed a Form 1040 for the taxable year 1974 which contained no information regarding his income. Subsequently, petitioner filed an unsigned Form 1040 for 1974 in which he stated that he received income in the *343 amount of $1,160. For the taxable year 1975, petitioner filed a Form 1040 which showed income in the amount of $900. In a letter to petitioner dated May j, 1975, respondent advised petitioner that the documents which petitioner submitted for 1975 were incomplete. Petitioner replied that because he was unaware of the meaning of a dollar, he was unable to complete the Form 1040. In his petitions, [2] petitioner did not dispute the factual basis of respondent's determinations. Rather, petitioner stated that respondent lacked Congressional authorization for recomputing petitioner's income in Federal reserve notes and that respondent "has failed to supply a Congressional definition of the meaning of the $ (dollar sign) which the Commissioner uses to state the amount of the deficiency allegedly due from petitioner." In his response to respondent's motion for summary judgment, petitioner similarly contends that the issue before us is "the legality of Federal Reserve notes." *344 Petitioner's contention that Federal Reserve notes do not constitute legal tender -- money -- is without any legal justification and is frivolous. ; ; , affd. . Petitioner has not raised any other legal or factual objections to either the deficiency determinations or the additions to the tax. Petitioner, too, must pay his taxes. Accordingly, since he has raised neither a valid legal objection to respondent's determinations nor a factual question, respondent's motion is granted. An appropriate order will be entered. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the years in issue.↩
2. The petition in Docket Number 508-77, with respect to the deficiencies and additions to the tax for 1974, was filed on January 17, 1977. The petition in Docket Number 345-78, with respect to the deficiencies and additions to the tax for 1975, was filed on January 10, 1978. At the time he filed both petitions, petitioner was a resident of Michigan. On March 28, 1978, respondent's motion to consolidate Dockets Numbers 508-77 and 345-78 for purposes of trial, briefing and opinion was granted.↩